ON APPLICATION FOR REHEARING
PER CURIAM.
Plaintiff’s argument that a building owner’s benefit from building materials supplied is unjust enrichment unless the building owner pays for them is unsound. The law does provide, in La.R.S. 9:4802 and 4812, to a materialman a lien against the property which his material has improved. But the materialman must record his claim to obtain this lien. The practice is for an owner to retain a portion of the contract price until the lien-filing period has passed: then, if no liens are filed, the owner knows that he and his property are free of claims and he therefore pays the final contract payment to the contractor. If our plaintiff had recorded a lien it would have been protected. But even then it would have had to file a suit within a year, and its failure to do so would also have made its claim ineffective against the owner, and plaintiff could raise the same unsound claim of unjust enrichment.
The basic rule of contract is that the buyer pays the seller: the contractor who bought from plaintiff still owes plaintiff the price. That price comes, ultimately, from the money that the owner pays to the contractor. There is no unjust enrichment of the owner: he pays for what he gets. There may be unjust impoverishment of a materialman whom the contractor does not pay, but the materialman has sure protection under the building contract law. Plaintiff’s rejection of that sure protection does not unjustly enrich the owner.
Rehearing is refused.